USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

KOG TRANSPORT, INC.,

                Plaintiff,

-against-

SHERMAN INTERNATIONAL CORPORATION
AND DIAMOND STEEL FZE,

                Defendants.
-----------------------------------------------------------x

04 Civ. 9061 (PKC)

MEMORANDUM
AND
ORDER

P. KEVIN CASTEL, District Judge:

        In this lawsuit invoking diversity jurisdiction, the plaintiff asserted nine claims against defendants. By Order, entered on consent, the parties agreed to arbitrate the disputes between them and, on that basis, I agreed to stay the proceedings before me pending arbitration. (Order of March 7, 2005.)

        Shortly after the stay order, the parties had settlement discussions on March 13, 2005 and they are reflected in an email from the president of plaintiff dated March 14, 2005. Plaintiff moves for summary judgment to enforce what it views as an agreement between the parties resolving all disputes in the litigation, except a claim for the unpaid balance of a loan, i.e. the Seventh Claim in the Amended Complaint. Plaintiff does not contend that there was a meeting of the minds as to this claim. With regard to the Seventh Claim, plaintiff asserts that the loan was in the face amount of $50,000, and that it is entitled to summary judgment as to the unpaid balance of $35,000.

In response to plaintiff's summary judgment motion, defendant does not dispute that it agreed that the March 14 email is accurate and that the parties came to terms on claims other than the outstanding loan balance, i.e. the Seventh Claim. As to the loan, Krishna Sharma, Chairperson of defendant Sherman International, has submitted a declaration under penalty of perjury in which Sharma claims (at paragraph 1) to have "personal knowledge of all facts set forth in the Declaration . . . ." Sharma states that the loan "has been repaid and satisfied in full. . . ." Thus, there is a genuine dispute of material fact as to whether the loan, the existence of which has not been disputed, has been repaid in full. Summary judgment on the Seventh Claim is, therefore, denied.

What, then, happens to the remainder of the March 13 understanding? Plaintiff urges that the dispute over the loan be excised from the agreement and the balance thereof enforced in accordance with the terms of the March 14 email. Defendant admits that the March 14 email "accurately and completely" reflects the terms of the parties' agreement and does not oppose this Court entering an Order directing defendant Sherman to honor the payment provisions of the March 13 agreement, including an unsatisfied obligation to pay $284,580.

The Second Circuit's opinion in <u>Winston v. Mediafare Entertainment Corp.</u> 777 F.2d 78, 80 (2d Cir. 1985), cited by plaintiff, neatly summarizes the relevant considerations. In determining whether, under New York law, there has been a meeting of the minds to settle a pending lawsuit a court looks to the following:

> We have articulated several factors that help determine whether the parties intended to be bound in the absence of a document executed by both sides. The court is to consider (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether

>the agreement at issue is the type of contract that is usually committed to writing. (citations and internal quotations omitted)

See also Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 322 (2d Cir. 1997).

Unlike instances where the parties have agreed to all material terms but have contemplated a later and more formal writing, here the parties disagreed then – and disagree now – on a material term, i.e. the resolution of the disputed balance on the loan. Plaintiff's confirmatory email of March 14 recites as follows: "Regarding the remaining USD 35,000.00, loan amount, this will be discussed separately and an agreement reached." The same confirmatory email recites that "In regards to the court case brought against Sherman International, we will let this rest and withdraw upon complete and final settlement of the agreement." The most reasonable interpretation of the language of the email is that as long as the loan issued remains unresolved, the parties contemplated that the lawsuit would remain pending.

True, there has been partial performance of the March 13 understanding; some of the monies due thereunder have been paid. But proof of the existence of the terms reflected in the email is not an issue here. The parties readily agree that the March 14 email accurately reflects the terms. Partial performance in this case is equivocal and it is more significant that they have not agreed to "all of the terms". Winston, 777 F.2d at 80. This Court would be required to supply the missing terms, which are by no means self-evident. For example, defendant suggests that I "enter an Order"—presumably punishable by contempt—"directing to Sherman to pay" certain sums contemplated by the March 14 email. (D. Mem. at 2.) Not a word of such an extraordinary injunctive remedy is mentioned in the email. Of course, even if plaintiff's claims had been brought to trial, it would only have been entitled to a money judgment and not an injunctive decree. The confirmatory email seems to

3

contemplate that the parties intended to park their case ("let this [case] rest") on this Court's docket until all sums were paid. Putting aside this Court's reluctance to permit a case to be parked on its docket, it begs the question of whether all claims should remain pending until the last payment on all claims, including the Seventh Claim, is paid or, instead, whether all claims other than the Seventh Claim should be dismissed when payments on all claims other than the Seventh claim have been made.

The parties are perfectly free to enter into their own new agreement by which they resolve and agree to dismiss all claims in the litigation other than the Seventh Claim. If presented with a stipulation dismissing all claims other than the Seventh Claim, this Court would gladly enter it as an order. But I cannot conclude on this record that this is the agreement they reached on March 13, and it would be contrary to settled New York law to rewrite their agreement.

Summary judgment is denied in its entirety. The Final Pretrial Conference in this action will be held on November 21, 2005 at 2 p.m. The parties are advised to consult my Individual Practices on Requests to Charge, Verdict Form, Voir Dire Requests, and Joint Pretrial Order all of which are due on November 16, 2005.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 20, 2005